**E-filed on: 2/9/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM JHUN, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. C- 07-02862RMW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>**[Re Docket No. 16]** |

On March 5, 2009, the court entered an order remanding the action for further administrative proceedings based upon the stipulation of the parties. Plaintiff has since filed a motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The court issued an order setting a briefing schedule, but defendant did not file any timely papers in opposition to the motion. After the deadline, defendant filed its non-opposition to the initial EAJA request and opposition to the amended request.[1] The matter was taken under submission without oral argument. For the reasons set forth below, plaintiff's motion is granted in part.

Pursuant to the EAJA, a prevailing party in an action in which the United States is a party may recover attorneys' fees and costs unless the Court finds that the government's position was

---

[1] Defendant also contemporaneously filed a motion for leave to file its delinquent opposition papers. That motion is granted.

ORDER GRANTING MOTION FOR FEES
No. C-07-2862　RMW
TER

1  substantially justified or that special circumstances exist that would render an award of fees and
2  costs unjust. 28 U.S.C. § 2412(d)(1)(A).  The party seeking the award of fees and costs must apply
3  for such an award within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).

4      The Court has discretion in determining the amount of a fee award, including the
5  reasonableness of the hours claimed by the prevailing party.  *Gates v. Deukmejian*, 987 F.2d 1392,
6  1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  In making its
7  determination, the Court should provide a concise but clear explanation of its reasons for the fee
8  award.  *Hensley*, 461 U.S. at 437.  When considering a fee application under the EAJA, the most
9  useful starting point for determining the amount of a reasonable fee is the number of hours
10 reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Id.* at 433.

11     Here, plaintiff seeks an award of $4,426, based on 25.6 hours in connection with achieving
12 the stipulated remand and seeks an additional $1,639.78 in attorney's fees for the 9.7 hours expended
13 in connection with the fee request, including meeting and conferring with counsel for
14 Commissioner, for a total award of $6,065.78.  Plaintiff's counsel seeks compensation at the then-
15 applicable CPI-adjusted EAJA rates ($166.46 per hour for 2007, $172.85 per hour for 2008, and
16 $169.05 per hour projected for 2009).

17     Defendant does not oppose the request for $4,426 in EAJA fees, and indicates that the parties
18 had reached a stipulation to this effect, but that then-counsel for the defendant neglected to inform
19 plaintiff that the Commissioner agreed to the request.  Defendant objects to the additional $1,639.78
20 sought, arguing that the amount is unreasonable.

21     The court finds that the initial request is reasonable and appropriate.  The court finds that 9.7
22 hours for preparation and litigation of the fee request, however, is unreasonable.  The court finds that
23 5 hours is reasonable for the preparation and litigation of the fee request.  Accordingly, the court
24 approves 30.6 hours, in total, as reasonable.  The court awards $4,426, based on 25.6 hours in
25 connection with achieving the stipulated remand and $845.25 in attorney's fees for the 5 hours
26 approved  in connection with the fee request, for a total award of $5,271.25.

27     The motion further requests that the fee award be paid to plaintiff's counsel, rather than to
28 plaintiff.  Courts are split on this issue, and there is no binding Ninth Circuit precedent on point.

ORDER GRANTING MOTION FOR FEES
No. C-07-2862   RMW
TER                                          2

1 Nevertheless, the court observes that the statute refers to payment of attorney's fees to the prevailing
2 "party," not to the party's counsel. 28 U.S.C. §2412(d)(1)(A). The court is also persuaded by the
3 Fourth Circuit's recent analysis of this issue in <u>Stephens v. Astrue</u>, 565 F.3d 131 (4th Cir. 2009).
4 Accordingly, the EAJA award shall be paid to plaintiff William Jhun.

## ORDER

For the reasons set forth above, plaintiff's application for attorney's fees is GRANTED, in the amount of $5,271.25. The fees shall be paid to plaintiff William Jhun.

DATED: 2/9/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for plaintiff:**

James Hunt Miller      jim_miller0@yahoo.com

**Counsel for defendant:**

Shea Lita Bond      shea.bond@ssa.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    2/9/10                        TER
                                           **Chambers of Judge Whyte**